UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| JAMES M. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:12-cv-7-RLY-WGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | | |

**ENTRY**

James M. Brown ("Brown") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), which found him not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). 42 U.S.C. ' 301 *et seq*.

For the reasons stated below, the Commissioner's decision must be **AFFIRMED**.

**I.    Background**

   **A.    Procedural History**

Brown applied for DIB on October 13, 2009, alleging that he became disabled on May 2, 2007. (R. at 10). The agency denied Brown's application both initially and on reconsideration. (R. at 69-72, 76-82). On April 22, 2011, an Administrative Law Judge ("ALJ") held a hearing, during which Brown, his wife, and a vocational expert testified. On September 30, 2010, the ALJ issued an opinion finding that Brown was not disabled.

1

(R. at 22).  After Brown filed a request for review, the Appeals Council denied Brown's request, leaving the ALJ's decision as the final decision of the Commissioner.  (R. 1-4).  20 C.F.R. §§ 404.955(a), 404.981.  The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . in [a] district court of the United States.

### B. ALJ Findings

The ALJ's decision included the following findings:  (1) Brown met the insured status requirement of the Act through December 31, 2013; (2) he had not engaged in substantial gainful activity since February 8, 2008, the alleged disability onset date; (3) Brown had the following severe impairments:  diabetes mellitus, sleep apnea, bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), and obstructive sleep apnea; (4) none of these impairments met or equaled the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Brown had a residual functional capacity ("RFC") to do light work with the following limitations: he could only occasionally climb ladders, ropes, scaffolds, ramps, and stairs; he could only occasionally balance, stop, kneel, crawl, crouch, or be exposed to hazards; and he retained the capacity to performed semi-skilled work; (6) Brown was unable to perform his past relevant work as a route sales clerk, municipal maintenance worker, and groundskeeper as defined by 20 C.F.R. § 404.1565; (7) Brown was 34 years old, which is defined as a younger individual age 18-49, on the

amended alleged disability onset date; (8) he has at least a high school education and was able to communicate in English; (9) transferability of job skills was not relevant because the Medical-Vocational rules supported a finding of "not disabled" regardless of whether Brown's skills were transferable; and (10) considering Brown's age, education, work experience, and RFC, there existed significant jobs in the national economy he could perform. Based on these factual findings, the ALJ concluded Brown was not disabled. (R. at 14-22).

## II.    Legal Standards

In order to qualify for disability benefits, Brown must establish that he suffered from a "disability" as defined by the Act. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). To establish disability, the claimant must present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

The Social Security regulations outline a five-step inquiry the ALJ is to perform in order to determine whether a claimant is disabled. The ALJ must consider whether the

claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on Brown during steps one through four; only after Brown has met his burden on these steps does the burden shift to the Commissioner for step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotations omitted); *see also Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility. *Perales*, 402 U.S. at 399-400. Accordingly, this court may not re-evaluate the facts, weigh the evidence anew, or substitute its judgment for that of the Commissioner. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must uphold the decision under review. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

**III.     Analysis**

Brown raises two issues on appeal:  (1) that the ALJ did not give proper weight to the opinion of the treating physician; and (2) the ALJ's RFC determination was not supported by substantial evidence.

    **A.     Did the ALJ give proper weight to the treating physician opinion?**

In determining Brown's RFC, the ALJ gave little weight to the opinion of Michael J. Allen, Ph.D., M.D.  (R. at 19-20).  Dr. Allen opined that given Brown's severe physical and mental impairments, he could not engage in any gainful employment for an extended period of time, regardless of any medical treatment he may receive.  (R. at 254).  The ALJ found Dr. Allen's opinion to be "clearly not consistent with the medical evidence, the claimant's current occupation, the claimant's activities he performs while running a business, his numerous daily activities, and the record as a whole."  (R. at 20).

Brown claims that in giving little weight to Dr. Allen's opinion, the ALJ violated the "treating physician" rule.  20 C.F.R. § 404.1527(d)(2); *see Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008).  The treating physician rule is a two-step process that an ALJ must undertake in assessing a claimant's RFC if a treating physician's opinion is in the record.  First, the ALJ must determine if the physician's findings are supported by the medical findings and consistent with other substantial evidence in the record.  If so, the opinion is to be given controlling weight.  *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007).  If not, the ALJ must consider several factors in deciding how much weight to give the opinion, including:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship;
> (ii) the evidence in support of the treating physician's opinion;
> (iii) the consistency of the opinion with the record as a whole;
> (iv) whether the opinion is from a specialist; and
> (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2nd Cir. 2004); 20 C.F.R. § 404.1527(c).

Brown's claim is meritless. In formulating Brown's RFC, the ALJ specifically examined the records of R. Buckland Thomas, M.D., from Brown's treatments in 2007 and 2009, the consultative physical examination conducted by Joel Parker, M.D., in January 2010, and the consultative mental examination by Robert L. Wilson, Ed.D., also in January 2010. (R. at 216-31). These records showed that he had normal coordination, strength, and range of motion, and despite bipolar disorder and ADHD, he had never received inpatient care for mental problems. (R. at 18, 222-223, 230). These findings suggested an ability to perform light work with the ALJ's additional limitations and are inconsistent with Dr. Allen's opinion that Brown's physical and psychological impairments rendered him incapable of working. (R. at 254). Therefore, the ALJ did not need to give Dr. Allen's opinion controlling weight.

Despite Brown's purportedly long treatment history with Dr. Allen, Dr. Allen's opinion is merely a letter that was never supplemented by any additional records or progress notes. (*Id.*). The letter lacks any indicia that his findings are supported by medically acceptable clinical diagnostic techniques, nor does the letter indicate if Dr. Allen is a specialist. Moreover, the ALJ stated numerous, precise reasons for giving Dr.

Allen's opinion little weight. (R. at 20). Thus, considering the step two factors (20 C.F.R. § 404.1527(c)), the ALJ's decision to give little weight to Dr. Allen's opinion was well-founded.

### B.     Is the ALJ's RFC determination supported by substantial evidence?

Brown claims that the ALJ committed errors of law in determining Brown's RFC: she did not appropriately weigh Dr. Allen's opinion; and she relied too heavily on her evaluation of Brown from the hearing and from reviewing government sources in making that determination.

As stated above, the ALJ's decision to grant Dr. Allen's opinion little weight was well-founded and not contrary to law. As to the other evidence relied upon in determining Brown's RFC, the ALJ expressly delineated the record opinions to which she gave significant weight and those to which she gave little or no weight. (R. at 16-20). Specifically, the January 5, 2010, consultative physical examination, with its essentially normal findings for strength and range of motion, was afforded significant weight and supports the ALJ's RFC finding. (R. at 223). The ALJ noted that, despite being given a Global Assessment of Functioning score of 60 during his January 25, 2010, consultative mental examination, this was indicative only of moderate symptoms. (R. at 231, 17); *see also* AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 32 (6th ed. 1994). Dr. Wilson also never opined that Brown's bipolar disorder or ADHD would prevent him from working. The findings from these consultative examinations constituted "more than a mere scintilla" (*Richardson v.*

*Perales*, 402 U.S. at 401) and thus were substantial evidence to support the ALJ's determination. While Brown objects to heavy reliance on the consultative examinations, it is not legal error for the ALJ to afford them significant weight in determining Brown's RFC. Indeed, besides Dr. Allen's conclusory report, there is no physical examination evidence in the record other than that of Dr. Parker. (R. at 221-26). The ALJ therefore had no choice but to rely upon the consultative examinations.

During the hearing, Brown discussed his work painting the lines on football fields and doing odd jobs as part of his attempt to start a business, for which he earned almost $6,000 in 2009. (R. at 15, 36-37). He also stated he could walk one-quarter mile at a time, could pick up 50 pounds without problem, and cooks as part of his attempts to do chores around the house. (R. at 41- 43). Brown also testified that he knew how to check his blood sugar and adjust his insulin, his hypertension was controlled, his medications had helped regulate his bipolar disorder, and he was not taking specific medication for ADHD. (R. at 15, 42). Despite Brown testifying that he has problems getting up and Dr. Parker opining that Brown should undergo another sleep study (R. at 43, 223), the ALJ did not find any evidence of excessive daytime sleepiness. (R. at 18). The ALJ further cited record evidence indicating Brown's activities, which, in addition to running his business, included playing recreational sports, attending church, taking care of his daughters, and performing chores around the house. (R. at 151-52, 154, 168, 213-14, 228, 230). From this and the other record evidence, the ALJ's conclusion, that Brown's

severe impairments were not nearly as limiting or debilitating as Brown's statements indicated they were, is supported by substantial evidence. (R. at 220-23, 16).

The ALJ is in a unique position to assess claimant credibility, and her credibility findings are entitled to considerable deference. *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). A credibility assessment will be overturned only if it is patently wrong. *Id.* In this case, the ALJ extensively examined the record evidence and Brown's testimony and concluded that it did not support a more restrictive RFC or a finding of total disability. This conclusion was reasonable and was not the ALJ "playing doctor." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (internal quotation omitted). The court therefore concludes that the ALJ's RFC determination was supported by substantial evidence.

### IV.     Conclusion

For the foregoing reasons, the Commissioner's decision that Brown is not disabled is AFFIRMED. Judgment consistent with this Entry shall now ensue.

**SO ORDERED** this 23rd day of January 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.